UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD HY,

                    Plaintiff,

          – against –

CITY OF BUFFALO,

                    Defendant.

---

**COMPLAINT**

Civ. Action No.:

Plaintiff, Richard Hy ("Plaintiff"), by and through his attorneys, Tully Rinckey PLLC, complaining of Defendant, the City of Buffalo ("Defendant") alleges upon information and belief:

**NATURE OF ACTION**

1.      This is an action for damages for retaliation on the basis of military status under 38 U.S.C. § 4323(b) and 28 U.S.C. § 1331, the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

2.      Defendant has discriminated against Plaintiff because of his military status, subjecting him to heightened scrutiny and discipline, and refusing him promotions because of the fact that he is a veteran and posts social media content related to his military status.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 38 U.S.C. § 4323(b) and 28 U.S.C. § 1331, because the action arises under USERRA.

4.     Venue lies in the United States District Court for the Western District of New York pursuant to 28 U.S.C. §1391, in that the events giving rise to the claims in this action arose in this judicial district.

**PARTIES**

5.     Plaintiff Richard Hy resides in Erie County, New York.

6.     Plaintiff is a veteran of the United States military who, following his active-duty service, became employed as a law enforcement officer with the City of Buffalo Police Department.

7.     Defendant is a municipal corporation and employer within the meaning of USERRA.

**FACTUAL ALLEGATIONS**

8.     Plaintiff maintained a social media account, on several platforms, called "Angry Cops," featuring short, pre-recorded videos ("vlogs") and skits.

9.     Although Plaintiff makes videos concerning police content and current events, the majority of his content focuses on military skits and commentary.

10.     Plaintiff discusses certain military events, often turning his commentary into sketch comedy.

11.     In or about December 2014, then City of Buffalo Police Commissioner Daniel Direnda filed a complaint with Internal Affairs regarding Plaintiff's "Angry Cops" account and its military-related content.

12.     Plaintiff was advised of this investigation by Deputy Commissioner Byron Lockwood in late 2014 or early 2015.

13.    In or about February 2016, Internal Affairs conducted a subsequent investigation into Plaintiff's "Angry Cops" content, and on February 22, 2016, Plaintiff was placed on suspension without pay.

14.    In or about September 2017, Plaintiff was again the subject of an Internal Affairs investigation regarding videos posted to "Angry Cops." Plaintiff was suspended from duty by Commissioner Direnda in connection with this investigation until April or May 2018.

15.    Plaintiff took the Detective and Lieutenant promotional exams every time he was eligible, in August 2017, October 2019, and July 2021, and each time he ranked highly on the eligible lists.

16.    Defendant passed Plaintiff over for promotions on multiple specific occasions, including but not limited to the following:

- January 2018: Plaintiff was passed over for promotion in a round of Detective openings.

- October 2018: Plaintiff was passed over again for promotion to Detective.

- February 14, 2022: Four (4) Detective openings were filled, but Plaintiff was not promoted.

- May 16, 2022: One (1) Lieutenant and two (2) Detective openings were filled, but Plaintiff was not promoted.

- June 13, 2022: One (1) Lieutenant opening was filled, but Plaintiff was not promoted.

- August 8, 2022: Two (2) Lieutenant and four (4) Detective openings were filled with others, not Plaintiff.

- September 5, 2022: Five (5) Detective openings were filled, but Plaintiff was not promoted.

- November 14, 2022: Three (3) Lieutenant and five (5) Detective openings were filled, and Plaintiff was once again not promoted.

17. On each of the above occasions, Plaintiff was not given an explanation as to why he was passed over for a promotion.

18. Plaintiff was not promoted until April 2023, after years of being passed over for open and available promotional opportunities for which he was ranked highly eligible.

19. In each instance set forth above, the promotions were given to similarly situated officers who were often ranked lower than Plaintiff on the promotion list, but who were not military veterans and who did not produce military-based social media content.

20. Upon information and belief, other City of Buffalo police officers maintained social media accounts that did not contain military-related content, yet were not subjected to adverse action, discipline, or promotional denials, particularly those who were not military veterans.

21. Other officers have even been rewarded for posting on social media in violation of the social media policy. Specifically, officers Michael Norwood and Moe Badger posted videos of themselves singing while in full uniform and with their badges visible. After posting these videos, not only were they not disciplined, Officers Norwood and Badger were encouraged and promoted by the Buffalo City Police Department to go on talk shows, attend Buffalo Bills games, Buffalo Sabres games, and other community events. Ultimately, they were allowed to appear on the Ellen DeGeneres talk show.

22. Officers Norwood and Badger released a song, and the cover art depicted them in civilian attire with their Buffalo City Police Badges hanging off their necks like a necklace. This further violated the social media policy.

23. Despite this, Michael Norwood was promoted to Lieutenant after his continued violation of the social media policy.

24. Neither officer Norwood nor officer Badger are military veterans.

25. Another officer was caught live streaming a police chase while on active duty. During the live stream, the officer could be heard using the N-word in relation to the suspect they were pursuing, saying "were going to get this [N-word]." Upon information and belief, this officer was not terminated despite this clear violation of the social media policy.

26. Upon information and belief, the abovementioned officer is not a military veteran.

27. Further, officer Barlow made a TikTok video stating a myriad of racist comments towards white people in violation of the social media policy. However, internal affairs found these racist comments not to be grounds for discipline and did not discipline officer Barlow.

28. Officer Barlow is not a military veteran.

29. Upon information and belief, no non-military veteran officers have been disciplined for violations or alleged violations of the social media policy.

30. Defendant's rationale for discipline and denial of promotion regularly focused on Plaintiff's military-related social media content. Given the pattern of strictly

enforcing the social media policy against military veterans such as Plaintiff, and not enforcing it against non-military veterans, such as the examples noted above, Plaintiff's military background was a motivating factor in the Defendant's decisions to discipline him and deny him promotions that he was qualified for.

31. As a result of Defendants' adverse actions, Plaintiff has incurred lost wages, promotional opportunities, benefits, and emotional distress.

## FIRST CAUSE OF ACTION: DISCRIMINATION

32. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

33. Under 38 U.S.C. § 4311(a), it is unlawful for the Defendant to discriminate against an employee due to their military or veteran status.

34. As a municipal corporation, the Defendant must comply with USERRA.

35. Defendant discriminated against Plaintiff based on his military veteran status by subjecting him to heightened discipline focused on his military-related speech, and by denying him opportunities for promotion and employment benefits.

36. Defendant treated Plaintiff less favorably than similarly situated non-veteran officers with respect to discipline and promotion.

37. Defendant's actions were willful and in reckless disregard of Plaintiff's rights under USERRA.

## JURY DEMAND

38. Plaintiff hereby demands trial by jury of all issues so triable at law, pursuant to Fed. R. Civ. P. 38.

**PRAYER FOR RELIEF**

39.     Plaintiff incorporates all information and allegations contained in the proceeding paragraphs as if fully set forth herein.

40.     As a result of the actions alleged herein, the continued discrimination of Defendant against Plaintiff, presents a clear danger to Plaintiff, and could result in further illegal actions on the part of the Defendant, by and through its agents, servants, and employees.

WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:

a. Declaratory judgment declaring Defendant's conduct violated USERRA.

b. Permanent injunctive relief restraining Defendant from further USERRA violations.

c. An award of damages for lost wages, lost benefits, and all monetary damages arising from Defendant's discriminatory conduct.

d. An award of damages for emotional distress.

e. An award attorneys' fees, costs, and pre- and post-judgment interest.

f. Any other relief the Court deems just and proper.

Dated: June 17, 2026
     Rochester, NY

                                    Jared Cook
                                      TULLY RINCKEY, PLLC
                                      *Attorneys for Plaintiff*
                                      400 Linden Oaks, Suite 110
                                      Rochester, NY 14625
                                      Phone: (585) 492-7100