UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD HY,

Plaintiff,

v.

CITY OF BUFFALO,

Defendant.

---

**ANSWER TO COMPLAINT**

Civil Action No. 26-cv-01251

**DEFENDANT DEMANDS TRIAL BY JURY**

Defendant, CITY OF BUFFALO, by its attorney, Caitlin E. O'Neil, Esq., Senior Deputy Corporation Counsel, *of counsel* to Corporation Counsel Rosa Alina Pizzi, Esq., as and for its Answer to the Plaintiff's Complaint in the above action, alleges as follows:

**NATURE OF ACTION**

1. In responding to the allegations contained in Paragraph "1," no responsive pleading is required because these allegations contain and call for a legal conclusion. To the extent further response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein.

2. Denies the allegations contained in Paragraph "2."

**JURISDICTION AND VENUE**

3. In responding to the allegations contained in Paragraph "3," no responsive pleading is required because these allegations contain and call for a legal conclusion. To the extent further response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein.

4. In responding to the allegations contained in Paragraph "4," no responsive pleading is required because these allegations contain and call for a legal conclusion. To

the extent further response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein.

**PARTIES**

5. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph “5.”

6. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph “6.”

7. In responding to the allegations contained in Paragraph “7,” no responsive pleading is required because these allegations contain and call for a legal conclusion. To the extent further response is required, Defendant admits that it is a municipal corporation organized and existing under the laws of New York State.

**FACTUAL ALLEGATIONS**

8. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph “8.”

9. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph “9.”

10. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph “10.”

11. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph “11.”

12. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph “12.”

13. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph “13.”

14. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "14."

15. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "15."

16. Denies any allegations of wrongful conduct in Paragraph "16," and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "16."

17. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17."

18. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "18."

19. Denies any allegations of wrongful conduct in Paragraph "19," and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "19."

20. Denies any allegations of wrongful conduct in Paragraph "20," and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "20."

21. Denies any allegations of wrongful conduct in Paragraph "21," and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "21."

22. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "22."

23. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "23."

24. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "24."

25. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "25."

26. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "26."

27. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "27."

28. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "28."

29. Denies any allegations of wrongful conduct in Paragraph "29," and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph "29."

30. Denies the allegations contained in Paragraph "30."

31. Denies the allegations contained in Paragraph "31."

**FIRST CAUSE OF ACTION: DISCRIMINATION**

32. Admits so much of the allegations contained in Paragraph "32" of the Complaint as are elsewhere herein admitted, and denies so much of the allegations of said paragraph as are elsewhere herein denied.

33. In responding to the allegations contained in Paragraph "33," no responsive pleading is required because these allegations contain and call for a legal conclusion. To the extent further response is required, Defendant denies any allegations of wrongful conduct in Paragraph "33."

34. In responding to the allegations contained in Paragraph "34," no responsive pleading is required because these allegations contain and call for a legal conclusion. To the extent further response is required, Defendant denies any allegations of wrongful conduct in Paragraph "34."

35. Denies the allegations contained in Paragraph "35."

36. Denies the allegations contained in Paragraph "36."

37. Denies the allegations contained in Paragraph "37."

## JURY DEMAND

38. In responding to the allegations contained in Paragraph "38," no responsive pleading is required because these allegations contain and call for a legal conclusion. To the extent further response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein.

## PRAYER FOR RELIEF

39. Admits so much of the allegations contained in Paragraph "39" of the Complaint as are elsewhere herein admitted, and denies so much of the allegations of said paragraph as are elsewhere herein denied.

40. Denies the allegations contained in Paragraph "40," denies that any claims alleged therein have merit, denies that declaratory or injunctive relief are warranted, denies that Plaintiff should be awarded damages, including costs, attorneys' fees, and interest, in this action, and respectfully refer all determinations of law to the Court.

## GENERAL DENIAL

41. Denies each and every other allegation of the Complaint not specifically admitted, denied, or otherwise controverted herein.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42. The Complaint, in whole or in part, fails to state a cause of action against the Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. Upon information and belief, the Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44. Upon information and belief, the Complaint is barred, in whole or in part, for a failure to file a timely notice of claim pursuant to New York State General Municipal Law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45. Upon information and belief, the Complaint is barred, in whole or in part, for failure to comply with Article Four of the New York State General Municipal Law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46. The Defendant did not violate any of the Plaintiff's Constitutional or statutory rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

47. The Complaint is barred, in whole or in part, by the doctrines of collateral estoppel, res judicata, or the election of remedies doctrine.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

48. Upon information and belief, the Complaint may be barred, in whole or in part, by Plaintiff's failure to utilize the grievance and arbitration procedure under the applicable collective bargaining agreement(s).

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

49. No tangible or adverse employment decision or action was taken against Plaintiff; if there was, there was a non-discriminatory basis for the employment decision or action.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

50. No tangible or adverse employment decision or action was taken against Plaintiff; if there was, it was not undertaken on the basis of the Plaintiff's status as a veteran or involvement in military service and instead had a legitimate, non-discriminatory basis.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

51. In accordance with 38 U.S.C. § 4311(c)(1), even if the Plaintiff's military service or veteran status is shown to be a motivating factor in Defendant's alleged employment actions, Defendant would have taken the same action in the absence of Plaintiff's military service or veteran status.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

52. Even if Defendant is found to have considered any impermissible factor in any employment decision or action – which it did not – it would have made the same decision or taken the same action regardless of any impermissible factor.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

53. Defendant maintained policies and procedures to prevent and correct promptly any allegedly discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

54. Defendant did not know about, condone, or acquiesce in the alleged conduct.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

55. Plaintiff failed to mitigate his alleged damages.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

56. Any economic losses or expenses claimed by the Plaintiff must be reduced to the extent Plaintiff failed to mitigate those losses and to the extent those losses or expenses have been or will be paid or reimbursed by collateral sources.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

57. Plaintiff may have failed to join all necessary parties.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

58. Any alleged stray anti-military remarks, if they are found to have occurred, do not establish discriminatory motive

WHEREFORE, the Defendant, CITY OF BUFFALO, demands judgment dismissing the Plaintiff's Complaint herein, together with the costs and disbursements of this Action and award attorneys' fees pursuant to Fed. R. Civ. P. 54 and 42 U.S.C. § 1988, and for such other and further relief as this Court may deem just and proper.

DATED: Buffalo, New York
August 14, 2026

ROSA ALINA PIZZI, ESQ.
Corporation Counsel

By: *<u>/s/ Caitlin E. O'Neil</u>*
Caitlin E. O'Neil, Esq.
CITY OF BUFFALO
65 Niagara Square
1100 City Hall
Buffalo, New York 14202